IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHUYLKILL HEALTH SYSTEM, | : | CIVIL ACTION |
| *on behalf of itself and all others similarly situated* | : : | No. 12-7065 |
| | : | |
| v. | : | |
| | : | |
| CARDINAL HEALTH 200, LLC, et al. | : | |

## CASE MANAGEMENT ORDER

AND NOW, this 21st day of October, 2014, the parties' Joint Motion for Entry of Case Management Order (Document 82) is GRANTED in part as follows:

1. Plaintiff Schuylkill Health System (Schuylkill) is granted leave to file on or before October 31, 2014 a Second Amended Class Action Complaint that: (a) adds Titusville Area Hospital (Titusville) and Warren General Hospital (WGH) as named plaintiffs and additional proposed class representatives, and (b) eliminating Counts One, Three and Four of the Amended Class Action Complaint, which were dismissed pursuant to the Court's July 30, 2014, Order (Document No. 73).[1] Defendants Cardinal Health 200, LLC (Cardinal Health) and O&M Distribution, Inc. (O&M) shall file answers to the Second Amended Complaint on or before November 21, 2014. Titusville and WGH shall serve Rule 26(a) disclosures by November 28, 2014.

2. Subject to the terms of (a) the Third Amended Protective Order entered in *Suture Express, Inc. v. Cardinal Health, 200, LLC*, No. 12-2760-RDR (D. Kan.) (*Suture Express*), including but not limited to Paragraph 21 of the Suture Express Protective

---

[1] Although, consistent with the Court's July 30, 2014, Order (Document No. 73), Schuylkill does not reallege in its Second Amended Class Action Complaint Counts One, Three, and Four of its Amended Class Action Complaint, Schuylkill stands on each of those Counts.

Order, and (b) any requirement that any party provide advance notice to, or seek approval from, any third party before party documents or information related to that third party may be produced or disclosed to another third party, Defendants shall, on or before October 24, 2014, produce to Plaintiffs the following materials from *Suture Express*: (a) all documents, data, discovery requests, and discovery responses served or produced by any party or any third-party, as well as any correspondence between the parties modifying or reflecting any agreements or clarifications regarding the documents or information to be produced by the other party; (b) all fact and expert deposition transcripts, with all exhibits; (c) all expert reports exchanged by the parties; and (d) all under seal filings and exhibits. Further, any documents or data filed, served or produced in the *Suture Express* case after October 24, 2014 shall be provided to Plaintiffs on a rolling basis, no more than seven calendar days after their filing, service, or production in the *Suture Express* case, and without any need for Plaintiffs to serve discovery requests for such post-October 24, 2014 productions in *Suture Express*.

3. Defendants shall provide notice to and/or seek approval from all necessary third parties by October 22, 2014, and will produce any of their own documents, transaction data, written discovery responses, deposition transcripts or exhibits that could not be produced due to the advance notice or approval requirements referenced in Paragraph 2 and this Paragraph 3 within fourteen (14) calendar days after providing such notice/seeking such approval. No Defendant may at that time refuse to produce such documents, transaction data, written discovery responses, deposition transcripts or exhibits based on a claim that notice or approval is required or has not yet been obtained or that production is precluded by a confidentiality agreement with a third-party.

4. Pursuant to Fed. R. Civ. P. 26(f)(3), the parties shall jointly file a Discovery Plan on December 19, 2014. With the exception of requests for transaction data and requests for the materials from the *Suture Express* case described in Paragraph 4, above, no written discovery shall be served by any party prior to December 19, 2014 to allow the parties, and particularly Plaintiffs, to assess what additional discovery is needed beyond that produced in, and provided from, the *Suture Express* case. All parties agree, however, that (a) to the extent necessary, they will meet and confer as early as practicable to resolve questions about the transaction data produced, and (b) some amount of additional discovery will be necessary, including but not limited to a to-be-agreed-upon number of party depositions, as well as other discovery relating to both merits and class certification issues. This additional discovery is necessitated by differences between this case and *Suture Express*. For example, *Suture Express* was brought by a single competitor of defendants rather than a putative class of customers.

5. The close of fact discovery regarding both class certification and the merits in this case will be May 1, 2015.

6. The parties shall meet with Magistrate Judge Marilyn Heffley no later than December 22, 2014 to address the possibility of settlement. Any discovery disputes should also be addressed to Magistrate Judge Heffley in the first instance.

7. The parties will file a joint status report regarding settlement discussions no later than January 22, 2015.

8. Plaintiffs' motion for class certification and expert disclosures on class and merits issues are due June 5, 2015. Defendants' response in opposition to class certification and expert disclosures on class and merits issues are due July 31, 2015. Plaintiffs' reply in support of

class certification and expert rebuttal disclosures are due August 28, 2015. Plaintiffs' expert(s) shall be deposed no later than September 18, 2015. Defendants' expert(s) shall be deposed no later than October 2, 2015. Oral argument on Plaintiffs' class certification motion shall be held on October 9, 2015, at 9:00 a.m.

9. Dispositive motions are due by October 31, 2015. Responses in opposition are due by December 31, 2015. Replies are due by January 28, 2016.

10. Motions in limine are due February 18, 2016. Responses are due February 25, 2016.

11. Pre-trial memoranda are due March 8, 2016. Joint requested points for charge, joint proposed verdict slip, and voir dire questions, as explained in the Honorable Juan R. Sánchez's on-line procedures, are due March 8, 2016.

12. A final pretrial conference shall be held on March 15, 2016, at 9:00 a.m.

13. The case will be in the March 21, 2016 trial pool. The parties expect the jury trial of this case, a putative class action, to take approximately fourteen (14) trial days.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.