IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHUYLKILL HEALTH SYSTEM, TITUSVILLE AREA HOSPITAL, and WARREN GENERAL HOSPITAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARDINAL HEALTH 200, LLC, and OWENS & MINOR DISTRIBUTION, INC.,<br><br>Defendants. | No. 12-cv-07065-JS<br><br>Honorable Juan R. Sánchez |

## ORDER GRANTING
## MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENTS WITH
## CARDINAL HEALTH 200, LLC AND OWENS & MINOR DISTRIBUTION, INC.

The Court, having received, reviewed, and considered Plaintiffs' Motion for Final Approval of Class Settlements with Cardinal Health 200, LLC and Owens & Minor Distribution, Inc., all related papers, and such argument as was presented at the June 14, 2016 fairness hearing, and good cause showing, it is hereby ORDERED that Plaintiffs' motion is GRANTED.

The Court further ORDERS and DECREES as follows:

1. On the basis of the record before the Court, the Court finds the proposed settlements are sufficiently fair, reasonable, and adequate.

2. The Court finds that the settlements are entitled to an initial presumption of fairness because the settlement negotiations were undertaken at arm's-length over nearly a year, sometimes with the assistance of the Court, and by experienced antitrust counsel who entered the negotiations with sufficient background as to the facts of the case, no class members objected to

1

the settlements, and not one class member sought exclusion from the settlement classes. *In re Cendant Corp. Litig.*, 264 F.3d 201, 232 n.18 (3d Cir. 2001). Moreover, the settlement is fair, reasonable, and adequate as the *Girsh* factors strongly support approval. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The settlement is fair, reasonable, and adequate given the complexity, expense, and likely duration of the litigation, the stage of proceedings, and the costs and risks involved in the litigation for Plaintiffs absent settlement.

3. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of the settlement agreements, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to the agreements or the applicability of the agreements that cannot be resolved by negotiation.

4. The Court approves the plan of allocation, which calls for a *pro rata* plan of distribution of the net settlement funds, wherein settlement class members will be compensated in proportion to their purchases of sutures and endomechanical products from Cardinal Health 200, LLC and Owens & Minor Distribution, Inc., during the Class Period. After conclusion of the claims filing period, the Settlement Administrator, in consultation with Class Counsel, is directed and authorized to distribute the settlement funds to settlement class members in accordance with the plan of allocation.

IT IS SO ORDERED

_____
Honorable Juan R. Sánchez